JESSE LOBSENZ v. JAMES W. BURTON, THEODORE N. PRICE AND ALVIN MOORE, PARTNERS TRADING UNDER THE FIRM NAME OF BURTON, PRICE & COMPANY (SUBSTITUTED FOR HUBERT GROENENDYK, DECEASED), PROSECUTORS.

Submitted July 3, 1902—Decided November 10, 1902.

By the statute of frauds, a chattel mortgage that is fraudulently contrived for the purpose of defeating creditors is void at law as well as in equity.

On *certiorari* to the District Court of the city of Passaic.

Before Justices DIXON, HENDRICKSON and PITNEY.

For the prosecutors, *George P. Rust.*

The opinion of the court was delivered by

PITNEY, J. This was an action of replevin, brought by Lobsenz, a mortgagee of chattels, against Groenendyk, who, as sergeant-at-arms of the District Court, had, by virtue of a writ of *fieri facias,* seized and levied upon the chattels in question to satisfy a judgment recovered against the mortgagor by Burton, Price & Company. The date of the mortgage was May 17th, 1901; the judgment was recovered on June 25th following. At the trial of the replevin suit some question was raised as to whether the mortgage had been duly recorded, but the point was not pressed in the argument made here. It must therefore be assumed, in favor of the correctness of the judgment under review, that the mortgage was prior in time to the judgment under which Groenendyk sought to justify his possession. If the mortgage was valid, the mortgagee was clearly entitled to recover the possession of the goods.

Upon the trial the defendant offered to go into an inquiry as to the consideration of the chattel mortgage, for the avowed

purpose of showing that the mortgage was fraudulent. This offer was refused by the District Court, and a judgment for the plaintiff was thereupon directed. The decision seems to have proceeded upon the theory that a court of law has not the right to inquire into the consideration of a chattel mortgage for the purpose of passing upon the question whether the mortgage is fraudulent.

But by the statute of frauds such an instrument, if fraudulently contrived for the purpose of hindering or delaying or defrauding creditors, is void at law as well as in equity. *Gen. Stat., p.* 1604, § 12. And absence of consideration was a most material circumstance bearing upon the question whether the mortgage was fraudulent as against a judgment recovered so shortly thereafter. The offer was not very formally made, but as it was met by an absolute refusal based upon an avowed incapacity on the part of the court to entertain the inquiry, counsel could hardly be expected to press the offer or to make it more specific. The record shows that the question of law was distinctly presented to the mind of the court, and incorrectly disposed of; only a new trial can demonstrate whether the error was substantially injurious.

Let the judgment be reversed and a new trial be granted; costs to abide the event of the suit.